Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 962 -1818



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DANZAS CHINA LTD.

              Plaintiff,

    -against-

QINGDAO XINXING ORIENT IMPORT &
EXPORT CO., LTD.

             Defendant.
-------------------------------------------------------x

ECF CASE

07 Civ_____  (8128)

**VERIFIED COMPLAINT**

    Plaintiff, DANZAS CHINA LTD. ("Danzas"), by its attorneys, Richard A. Zimmerman, Esq., and Patrick C. Crilley, Esq., of counsel, complaining of the Defendants, QINGDAO XINXING ORIENT IMPORT & EXPORT CO., LTD. ("Xinxing"), alleges upon information and belief as follows:

    1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2. At all material times, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of The People's Republic of China.

3. Plaintiff Danzas was, at all material times, the disponent owner of the motor vessel "NORD ATLANTIS" (the "Vessel").

4. At all material times, Defendant Xinxing was, and still is, a foreign corporation or other business entity organized and existing under the laws of The Peoples Republic of China, maintaining offices at No. 18. Middle of Hong Kong Road, 17th Floor of Futai Square Mansion, Qiangdao, Shandong, P.R. China.

5. Defendant Xinxing was, at all material times, the charterer of the Vessel.

6. On or about April 16, 2007, Plaintiff Danzas, as disponent owner, entered into a contract of charter party and/or Fixture Note with Defendant Xinxing, as charterer, for the charter of the Vessel, for carriage of a cargo of 50,000 metric tonnes of nickle ore from Surigao, Philippines to China (the "Charter Party").

7. Under the terms of the Charter Party, Defendant Xinxing was obligated, among other things, to pay the costs for tugboat use at the loadport over eight (8) running days Saturdays, Sundays and Holidays included.

8. In the event, the tugboat use at the loadport amounted to a total of more than 16, for which Defendant Xinxing, in accordance with the Charter Party, are liable to Danzas for the last eight (8) days at a total costs of $125,805.68.

9. Defendant Xinxing has breached the contract in failing to make the required payment to Danzas of tugboat fees for which Xinxing is liable under the Charter Party.

10. Plaintiff Danzas has fulfilled its obligations under the Charter Party.

11. There remains owing to Plaintiff Danzas the sum of $125,805.68 from the Defendants, which Defendants have failed to pay when duly demanded.

12. As a result of the Defendant's breach, Plaintiff has and will continue to suffer losses in the total principal sum of not less than U.S.$125,805.68, exclusive of interest, costs and reasonable attorneys' fees.

13. The Charter Party contains an agreement to arbitrate disputes in Hong Kong under English law.

14. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration has commenced, or will soon commence, in Hong Kong, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in the Hong Kong arbitration.

15. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such interest, costs and attorneys' fees would equate to approximately $100,000.

16. As a result of Defendants aforesaid breach of its obligations under the Charter Party, Plaintiff now estimates that it has been or will soon be damaged in the following amounts:

| | |
|---|---|
| a) Outstanding Tugboat Fees | $ 125,805.68 |
| b) Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in Hong Kong | $ 100,000.00 |
| c) Interest, costs and recoverable fees up to the point of obtaining a judgment in this action | $ 50,000.00 |
| Total anticipated damages - | $ 275,805.68 |

17. Upon information and belief, and after investigation, Defendant Xinxing cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of

Civil Procedure for Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia* cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter "ASSETS"), including but not limited to ASSETS at or moving through banking institutions including but not limited to The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Bangue Cantonale de Geneve, and/or Commerce Bank.

18. Based upon the foregoing, therefore, the total sum of ASSETS of Defendants sought to be attached in this action is $275,805.68.

WHEREFORE, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged.

2. That if the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9

U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendants, including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, Bangue Cantonale de Geneve, BNP Paribas, and/or Commerce Bank up to and including the amount of $275,805.68 to secure the Plaintiff's claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged.

3. That Plaintiff may have judgment for its claims as aforesaid in the amount of $275,805.68.

4. That following any and all such attachments and garnishments, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property attached.

5. That Plaintiff may have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
September 17, 2007

*[signature]*

Patrick C. Crilley (PC 9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
(212) 619-1919

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Patrick C. Crilley verifies the following:

1. I am an attorney and acting as such "of counsel" to Richard A. Zimmerman, the attorney for the Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff herein.

2. The reason that this Verification is made by the undersigned rather than by Plaintiff is that Plaintiff is a foreign corporation none of whose officers or directors are within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 17th day of September, 2007.

Patrick C. Crilley
233 Broadway - Suite 2202
New York, New York 10279
(212) 619-1919